UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

|  |  |
|---|---|
| ASET RENEWAL SERVICES, INC., *as Trustee for Helminiak Confections of Wisconsin, Inc.*, <br> Plaintiff, <br><br> v. <br><br> BARDES PLASTICS, INC., <br><br> Defendant. | Case No. 12-CV-1113-JPS <br><br> Bankruptcy Case No. 11-02846 <br><br><br> ORDER |

On November 1, 2012, the court received a report and recommendation from United States Bankruptcy Judge Margaret Dee McGarity, including proposed findings of fact and conclusions of law, regarding a motion for summary judgment filed by defendant Bardes Plastics, Inc. ("Bardes"). Judge McGarity recommended that Bardes's motion for summary judgment be granted and that the adversary proceeding be dismissed; for the reasons stated below, the court adopts Judge McGarity's recommendations.

According to the findings of fact proposed by the bankruptcy court, Quality Candy Shoppes/Buddy Squirrel of Wisconsin, Inc. ("Debtor") sold candies and similar confections, and distributed packaged products through retail locations in southern Wisconsin and throughout the United States. Debtor used packaging purchased from Bardes, and between 2003 to 2009, debtor purchased an average of $262.280.82 in supplies from Bardes. Debtor's business was seasonal, with August through January being the busiest months, and the sales history from 2004 to 2009 shows that the vast majority

of sales, measured by the number of orders placed, the number of pieces ordered, and the sales volume, occurred between August and January of each year.

The history of payments also showed a pattern. Bardes sent invoices on the same date as each delivery. Debtor typically paid the invoices within or close to the 30 days set forth on the invoices during December to July, but frequently required additional time to pay the invoices from August to November. This pattern makes sense, because in August to November the production was increased to meet seasonal demand, but the sales were delayed.

As the bankruptcy court summarized, "the parties' business relationship was long-standing and continuous, right up until the debtor filed its bankruptcy petition. During the ninety days before the debtor filed for bankruptcy, the debtor paid its invoices to Bardes anywhere within 80 to 30 days from the invoice date, with the delay between invoice and payment shortening as the petition date drew ever closer." Debtor filed for chapter 11 on January 15, 2010. On September 30, 2010, the confirmed plan vested the trustee with the right to administer all remaining assets of the debtor, including any funds recovered through preference claims.

The trustee commenced this action against Bardes on November 29, 2011, under 11 U.S.C. § 547(b) to recover $19,775.96 in payments made by the debtor in the ninety days before filing for bankruptcy. The parties concede

that the elements of an avoidable preference are satisfied.[1] Bardes moved for summary judgment, offering two affirmative defenses: (1) the ordinary course of business defense under 11 U.S.C. § 547(c)(4); and (2) the new value defense under 11 U.S.C. § 547(c)(2). The bankruptcy judge concluded that Bardes met its burden of proof as to both of the offered affirmative defenses. Briefly distilled, the judge noted that the payments at issue fit the established practice of the parties' business relationship, which undisputedly showed seasonal variations. That is, though the timing of payment changed from 80 days at the beginning of the preference period to just 30 days at the end, this change fit the long-established pattern of the business relationship and did not evince the "aggressive collection practices" sought to be eliminated by the preference recovery scheme. *Barnhill v. Johnson*, 503 U.S. 393, 402 (1992). The bankruptcy judge further concluded that Bardes showed that it gave "new value" in exchange for the preferential transfers as Bardes continued to do business with debtor as usual during the preference period: debtor ordered product, Bardes shipped product on unsecured credit, and debtor paid invoices as it had in prior years.

When a bankruptcy judge submits proposed findings of fact and conclusions of law to the district court in a proceeding that is not a core proceeding, but that is otherwise related to a case under the Bankruptcy

---

[1] The elements of an avoidable preference are: (1) a transfer of property of the debtor; (2) within 90 days of bankruptcy; (3) to or for the benefit of a creditor; (4) on account of an antecedent debt; (5) while the debtor is insolvent; and (6) with the effect of giving the creditor a greater return on its claim than would have been received in a chapter 7 proceeding if the transfer had not been made. *Mercatus Group, LLC v. Lake Forest Hospital*, 641 F.3d 834, 839 (7th Cir 2011); *See also* 11 U.S.C. § 547(b).

Code, any final order or judgment is required to be entered by the district judge after considering the bankruptcy judge's proposed findings and conclusions and after reviewing *de novo* those matters to which any party has timely and specifically objected. 28 U.S.C. § 157(c)(1). In this case, neither party filed objections to the bankruptcy judge's proposed findings of fact or conclusions of law. Having carefully reviewed these findings and conclusions, the court finds that they should be adopted in their entirety. Accordingly, the court will also enter a final order and judgment granting Bardes's motion for summary judgment.

Accordingly,

IT IS ORDERED that the report and recommendation of United States Bankruptcy Judge Margaret Dee McGarity (Docket #1) that the defendant's motion for summary judgment be granted, and that the adversary proceeding be dismissed, be and the same is hereby ADOPTED;

IT IS FURTHER ORDERED that the defendant's motion for summary judgment be and the same is hereby GRANTED; and

IT IS FURTHER ORDERED that the adversary proceeding be and the same is hereby DISMISSED.

The clerk is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 28th day of February, 2013.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge